[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION TO COMPEL (FILE #108)
This case originated in Small Claims and was transferred (on defendants' motion) to the regular docket on January 13, 1993. The only pleadings contained in the court file are the complaint(s), notice of service of requests for admissions, objection to defendant's request to amend answer, motion to reopen judgment of dismissal, and motion(s) for sanctions CT Page 8381 and/or to compel.[1] The sole pleading on which any court action is reflected is plaintiff's motion to reopen a dismissal, which motion was granted on March 7, 1994.
The instant motion (#108, dated 6/7/94, and filed 6/9/94) was presented to the court as an arguable matter at the August 1, 1994 short calendar; it was represented to the court that the case was to be tried early in the September term.[2]
Plaintiff's action is for recovery of costs incurred by attorneys representing defendant Williams in a negligence action prior to Ms. Williams' having retained defendant Spears as her attorney.[3] The court questions whether plaintiff's claim in chief, which, as stated, was originally brought in Small Claims, merits the expense and time involved in noticing and conducting depositions. However, plaintiff's objection to defendants' request to amend makes reference to a counterclaim. But, there is no answer, amended answer, counterclaim, or reply in the court file.[4] This motion to compel (#108) requests an order pursuant to Prac. Bk. Section 231; the provision allows the court to enter "such order as the ends of justice require." Without knowing the factual allegations of the counterclaim (if one was in fact filed), and thus not being in a position to assess the necessity, equity, and advisability of proceeding with depositions at this stage of the litigation, the court cannot determine what would constitute an appropriate order properly addressing the "ends of justice." Furthermore, information furnished by defendant Spears indicates that when a deposition was noticed for 6/2/94, plaintiff was informed that the attorney would be on trial in the United States District Court; also, with regard to a 7/6/94 scheduling, it is indicated that there had been no agreement on that date, and that defendant advised he would be unavailable.
Plaintiff's motion to compel (File #108) is denied.[5]
Mulcahy, J.